IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DOROTHY ELIZABETH LEWIS,** | Case No. 3:21-cv-01183-MO |
| Appellant, | OPINION & ORDER |
| v. | |
| **PHH MORTGAGE CORPORATION,** | |
| Appellee. | |

**MOSMAN, J.,**

Appellant Dorothy Elizabeth Lewis ("Debtor") appeals from the Order of the U.S. Bankruptcy Court for the District of Oregon, Case No. 21-31071-dwh7 ("Underlying Action"), granting Appellee PHH Mortgage Corporation's ("PHH") and Wells Fargo Bank's ("the Trust") Motion for Relief from Stay. Given that a court generally cannot exercise jurisdiction over a moot appeal, *see In re Pattullo*, 271 F.3d 898, 900 (9th Cir. 2001), I DISMISS this case.

**DISCUSSION**

**I.    Brief Procedural Background**

On July 30, 2021, the bankruptcy court lifted the stay placed on the property subject to dispute among the parties. Order, Underlying Action [ECF 42]. Ms. Lewis filed her appeal challenging the order on August 11, 2021. Notice of Appeal [ECF 1]. The bankruptcy court

1 – OPINION & ORDER

discharged Ms. Lewis on August 11, 2021. Order Discharging Debtor, Underlying Action [ECF 52]. On October 20, 2021, the bankruptcy court further ruled that

> [p]ursuant to 11 USC § 362(c)(3)(A), because Debtor has filed more than one bankruptcy petition within the last year, the bankruptcy petition she filed initiating the instant bankruptcy case allows her only a thirty-day automatic stay from the date of filing of her bankruptcy petition. As Debtor filed for bankruptcy in this matter on May 10, 2021, any automatic stay in this case expired on June 9, 2021.

Order, Underlying Action [ECF 74].

Ms. Lewis has not appealed the order from October 20, 2021.

## II. Mootness

"If a case becomes moot while pending on appeal, it must be dismissed." *In re Pattullo*, 271 F.3d 898, 900 (9th Cir. 2001). The mootness inquiry focuses on whether the court can still grant relief between the parties. *Id.* at 901. "A case is moot if the issues presented are no longer live and there fails to be a 'case or controversy' under Article III of the Constitution." *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). "The test for mootness . . . is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Id.*

Here, the bankruptcy court ruled that the stay expired on June 9, 2021, pursuant to 11 U.S.C. § 362(c)(3)(A). Ms. Lewis has not challenged the currently effective order that confirmed the stay ended on June 9, 2021. As such, the issue presented on appeal is no longer live because there has been no automatic stay in effect. Alternatively, the stay dissolved as a matter of law upon issuance of the order of discharge by the bankruptcy court pursuant to 11 U.S.C. § 362(c)(2)(C). *See Bigelow v. Comm'r*, 65 F.3d 127, 129 (9th Cir. 1995).

In sum, I am unable to grant any effective relief because the stay has already expired. Therefore, I dismiss Ms. Lewis's appeal as moot.

## CONCLUSION

For the reasons given above, I find this matter moot and DISMISS the appeal.

IT IS SO ORDERED.

DATED this _____ day of May, 2023.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

3 – OPINION & ORDER